# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
SEP 1 8 2008
William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Clerk

GARY LITTLE, )
)
Plaintiff, )
)
v. ) No. CIV 07-177-RAW-SPS
)
JUSTIN JONES, et al., )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment and plaintiff's motion for a temporary restraining order. The court has before it for consideration plaintiff's complaint, the parties' motions and responses, and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of DOC who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Mack Alford Correctional Center (MACC) in Stringtown, Oklahoma. The defendants are DOC Director Justin Jones, DOC Director's Designee Debbie Morton, MACC Warden Greg Province, MACC Deputy Warden Anita Trammell, MACC Chaplain Bob Biberstine, and MACC Food Supervisors Donna Visotski, Regina Hicks, Cecil Gibbons, and Ms. Wyse.[1]

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action

Plaintiff alleges in Count 1 of his complaint that his Seventh-day Adventist religion is recognized by the DOC as a religion, but the vegetarian diet required by his religion was not honored at MACC, in violation of the First Amendment. He asserts in Count 2 that he was denied due process and equal protection, because he did not receive a proper religious diet at MACC, while the special dietary needs of Jewish and Muslim inmates were recognized.

Plaintiff alleges the MACC deputy warden, chaplain, and food supervisors denied him a proper diet based on his religious beliefs, because of their own individual and biased opinions. He asserts that when he arrived at MACC on or around March 23, 2007, he submitted to Defendant Chaplain Bob Biberstine a Request to Staff (RTS) requesting a "vegan vegetarian" or a "strict vegetarian" diet, in accordance with his Seventh-day Adventist religion. Chaplain Biberstine was away from the facility at the time, so plaintiff was referred to Defendant Donna Visotski, MACC Food Supervisor, who was willing to work with plaintiff about his dietary needs. Food Supervisors Mrs. Waters and Defendant Regina Hicks, along with certain inmate cooks, allegedly complained about plaintiff's special meals. Plaintiff also asserts certain MACC officials wrote two false incident reports that he was eating meat products and pudding off other people's food trays in the general population dining area. These false reports allegedly were attempts to stop plaintiff's special diet, but the allegations were not proven.

Plaintiff alleges that on April 11, 2007, he submitted another RTS concerning his First

---

against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

Amendment rights to the chaplain, Food Supervisor Visotski, and Deputy Warden Trammell, but Chaplain Biberstine said that plaintiff's requests should be directed to Trammell. On or around April 12, 2007, Trammell allegedly stopped plaintiff's vegan diet and approved him instead for a "meat-free" diet with double portions of vegetables, available fruit, and peanut butter. Plaintiff's RTS to Chaplain Biberstine never was answered, but plaintiff had numerous conversations with Biberstine about his diet. Plaintiff complains that Biberstine stopped discussing plaintiff's diet or his request for a Seventh-day Adventist volunteer to assist in the practice of his religion, because Biberstine had a different perspective on the practice of Christianity. Plaintiff was forced to eat a diabetic diet, but he is not diabetic, and he had to argue with food supervisors to receive peanut butter or fruit with his vegetables. He further contends that Deputy Warden Trammell failed to respond to his Requests to Staff.

The defendants allege that plaintiff's lawsuit must be dismissed, pursuant to 42 U.S.C. § 1997e, because he has failed to exhaust the available administrative remedies for any of his claims. The defendants also maintain plaintiff's claims are moot, because he is seeking only injunctive and declaratory relief from officials at MACC, and he has been transferred to another facility.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing

3

a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

The special report indicates that on April 11, 2007, plaintiff submitted a RTS, stating it had come to his attention that there was no policy for vegetarians, so he asked to have his religious diet honored. The response from Deputy Warden Trammell, dated April 27, 2007, stated that plaintiff had been placed on the non-meat diet, as documented on the Special/Religious Diet Request Form, and he would receive double portions of vegetables, peanut butter, and fruit, if available.

On April 30, 2007, plaintiff filed a grievance to the warden, alleging he was being denied his right to receive a nutritious vegetarian diet based on his religion. Instead, he had to eat only starch and carbohydrates, without any protein substitutes, because he could not eat dairy or egg products. Plaintiff also complained that the chaplain was not protecting his rights, but the rights of Jewish and Muslim inmates were protected. The grievance stated he had submitted a RTS to the medical unit on April 16, 2007, about his weight loss, nutrition, and balanced food issues, but he had not received a medical appointment. The response to the grievance reiterated plaintiff's non-meat diet of vegetables, peanut butter, and fruit, if available.

On May 18, 2007, plaintiff submitted a grievance to the Administrative Review Unit, which was returned unanswered, because it contained more that one issue ("Chaplain is not protecting [plaintiff's] rights but does protect the rights of Jews and Muslims; have submitted RTS to medical for appointment but rec'd no response"). *See* Docket #27-4 at 2. In addition, plaintiff had requested a Seventh-day Adventist volunteer from the chaplain, and plaintiff was required to submit his new claim that he received only two bananas and two apples on

4

his food tray to the facility head for action. *Id.*

To properly exhaust his administrative remedies pursuant to DOC's grievance procedures for claims not involving misconducts, an inmate must properly and timely file for each claim a Request to Staff, a grievance to the facility head, and an appeal of the facility head's response to the administrative review authority. *See* Docket #26-2 at 6-13. The record shows plaintiff has not exhausted the administrative remedies for any of the claims asserted in his complaint. Therefore, the complaint must be dismissed.

## Motion for Temporary Restraining Order

Plaintiff also has filed a motion for a temporary restraining order [Docket #32], alleging that when he was transferred to the Joseph Harp Correctional Center (JHCC) in March 2008, he was met with hostility, resentment, and retaliation for his efforts to receive meals in accordance with his religious beliefs. The motion requests a temporary restraining order directing the JHCC officials to furnish him with a proper diet.

The defendants have objected to the motion, alleging the claims are not sufficiently related to the claims in plaintiff's complaint [Docket #33]. In addition, the defendants assert plaintiff has failed to exhaust his administrative remedies for the JHCC claims.

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). The record, however, shows that plaintiff has not attempted to amend his complaint to include the JHCC claims, and he has not asserted the defendants in the complaint participated in the alleged deprivations at JHCC. In addition, he no longer is housed at JHCC.

Plaintiff "must necessarily establish a relationship between the injury claimed in [his] motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471

(8th Cir. 1994) (citing *Penn v. San Juan Hosp. Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)). Although plaintiff's new allegations might support relief against the JHCC officials, the new claims cannot form the basis for a temporary restraining order in this lawsuit. *See id.* (citing *Stewart v. United States I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985)).

**ACCORDINGLY,** plaintiff's motion for a temporary restraining order [Docket #32] is DENIED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e.

**IT IS SO ORDERED** this 18th day of September 2008.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**